United States District Court
Southern District of Texas
**ENTERED**
September 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CIMIRE NGANDJIKOMBA, Plaintiff, | § | CIVIL ACTION NUMBER 4:25-cv-04455 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| DEPUTY X. VARGAS and HARRIS COUNTY SHERIFF'S OFFICE, Defendants. | § | |

**ORDER ADOPTING**
**REPORT AND RECOMMENDATION**

Plaintiff Cimire Ngandjikomba proceeds here *pro se*. He sued Defendants Deputy X. Vargas and the Harris County Sheriff's Office for alleged violations of the Fourth and Fourteenth Amendments arising out of a traffic arrest. Dkt 25 at ¶¶7–19. He maintains that Deputy Vargas used unreasonable excessive force and unlawfully detained Plaintiff without due process of law. Id at ¶¶21–23. He also maintains that the Sheriff's Office failed to properly train Deputy Vargas and is thus subject to municipal liability. Id at ¶¶24–27.

The matter was referred for disposition to Magistrate Judge Dena H. Palermo. Dkt 17. Pending are motions to dismiss filed by Deputy Vargas and the Sheriff's Office. Dkts 27 & 28.

Judge Palermo recommends that (i) the motion to dismiss by the Sheriff's Office be granted and the claims against it be dismissed with prejudice, (ii) the motion to dismiss by Deputy Vargas be denied as to excessive force, but granted as to all other claims, with dismissal with prejudice, and (iii) claims against Harris County be

dismissed without prejudice for lack of service of process. Dkt 39 at 19.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there is no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Deputy Vargas filed objections. Dkt 41. Plaintiff responded. Dkt 42.

Deputy Vargas argues that the Magistrate Judge erred in the analysis of qualified immunity as to the excessive-force claim. Dkt 41 at 1. Among other things, he contends that no clearly established law places the allegedly unlawful conduct beyond debate. Id at 4.

Upon *de novo* review and determination, the objections lack merit. Judge Palermo thoroughly and thoughtfully considered, and rejected, this argument in the Memorandum and Recommendation. Dkt 39 at 6–13. She correctly concluded that *Pigott v Gintz*, *Castro v Kory*, and *Holland v Otero* clearly established that abrupt application of physical force for an individual stopped for a minor traffic offense is clearly unreasonable. Id at 11–13. And here, Deputy Vargas pointed a weapon at a compliant bus driver, "dragged her off the bus, forced her to the ground, and forcibly handcuffed her." Id at 13. Consistent with the guidance of the Fifth Circuit, Judge Palermo thus appropriately rejected the application of qualified immunity to clearly established unreasonable and excessive conduct. Id at 13–14.

The objections by Deputy Vargas to the Report and Recommendation of the Magistrate Judge are OVERRULED. Dkt 41.

No clear error otherwise appears upon review and consideration of the Report and Recommendation, the record, and the applicable law.

The Report and Recommendation of the Magistrate Judge is ADOPTED as the Report and Order of this Court. Dkt 39.

The motion to dismiss by Defendant Harris County Sheriff's Office is GRANTED, and claims against it are DISMISSED WITH PREJUDICE. Dkt 27.

The motion to dismiss by Deputy X. Vargas is GRANTED IN PART and DENIED IN PART. Dkt 28. It is DENIED as to the claim of excessive force. It is GRANTED as to all other claims, which are DISMISSED WITH PREJUDICE.

Claims asserted against Harris County are DISMISSED WITHOUT PREJUDICE for lack of service of process.

SO ORDERED.

Signed on September 28, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge